IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Jason Evans

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

v.

See Attached

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case: 2:25-cv-12682
Assigned To : White, Robert J.
Referral Judge: Morris, Patricia T.
Assign. Date : 8/26/2025
Description: PRIS- EVANS V. BREED, ET AL. (CS)

Jury Trial: ☑ Yes ☐ No
*(check one)*

# Complaint for Violation of Civil Rights (Prisoner Complaint)

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

**In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.**

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Jason Allen Evans

All other names by which you have been known:

________________

________________

ID Number: 230091

Current Institution: Parnall Correctional Facility

Address: 1780 East Parnall Road

Jackson MI 49201

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: Nicholas Breed

Job or Title (if known): Deputy

Shield Number: ________________

Employer: Montmorency County Sheriff's Office

Address: 11045 M-32 West

Atlanta, MI 49709

☒ Individual capacity ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Wyatt Roe |
| Job or Title (if known) | Deputy |
| Shield Number | |
| Employer | Montmorency County Sheriff's Office |
| Address | 11045 M-32 West |
| | Atlanta, MI 49709 |

☒ Individual capacity ☐ Official capacity

Defendant No. 3

| | |
|---|---|
| Name | Josh Smith |
| Job or Title (if known) | Montmorency County Sheriff's Office |
| Shield Number | |
| Employer | 11045 M-32 West |
| Address | Atlanta, MI 49709 |
| | |

☒ Individual capacity ☐ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | Jacob Demott |
| Job or Title (if known) | Deputy |
| Shield Number | |
| Employer | Montmorency County Sheriff's Office |
| Address | 11045 M-32 West |
| | Atlanta, MI 49709 |

☒ Individual capacity ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

- ☐ Federal officials (a *Bivens* claim)
- ☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

SEE ATTACHED COMPLAINT

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

SEE ATTACHED COMPLAINT

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☑ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)* ______________________________

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

SEE ATTACHED COMPLAINT

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

SEE ATTACHED COMPLAINT

C. What date and approximate time did the events giving rise to your claim(s) occur?

SEE ATTACHED COMPLAINT

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

SEE ATTACHED COMPLAINT

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

SEE ATTACHED COMPLAINT

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

SEE ATTACHED COMPLAINT

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes

☑ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

2. What did you claim in your grievance?

3. What was the result, if any?

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) ______________________________

   Defendant(s) ______________________________

2. Court *(if federal court, name the district; if state court, name the county and State)*

   ______________________________

3. Docket or index number

   ______________________________

4. Name of Judge assigned to your case

______________________________

5. Approximate date of filing lawsuit

______________________________

6. Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. ______________

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☑ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

Plaintiff(s) ______________________________

Defendant(s) ______________________________

2. Court *(if federal court, name the district; if state court, name the county and State)*

3. Docket or index number

______________________________

4. Name of Judge assigned to your case

______________________________________

5. Approximate date of filing lawsuit

______________________________________

6. Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. ____________

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

______________________________________

______________________________________

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 8/10/25, 20 25.

Signature of Plaintiff [signature]

Printed Name of Plaintiff JASON EVANS

Prison Identification # 230091

Prison Address 1780 EAST PARNALL Rd

JACKSON MI 49201

City State Zip Code

# DEFENDANTS

Nicholas Breed

Wyatt Roe

Josh Smith

Jacob Demott

Brian Watson

Michael Brooks

Daniel Oelfke

Zachery Morrison

Jessica Bedell

Todd Amborski

Jeffery Schaible

Brian Crane

Chad Brown

Shanna Firman

County of Montmorency

DEFENDANT"S ADDRESSES

Brian Watson
Deputy
Montmorency County sheriff's Office
11045 M-32 West
Atlanta, MI 49709
Individual Capacity

Michael Brooks
Deputy
Montmorency County Sheriff's Office
11045 M-32 West
Atlanta, MI 49709
Individual Capacity

Daniel Oelfke
Deputy
Montmorency County Sheriff's Office
11045 M-32 West
Atlanta, MI 49709
Individual Capacity

Zachery Morrison
Deputy
Montmorency County Sheriff's Office
11045 M-32 West
Atlanta, MI 49709
Individual Capacity

Jessica Bedell
Deputy
Montmorency County Sheriff's Office
11045 M-32 West
Atlanta, MI 49709
Individual Capacity

Todd Amborski
Deputy
Montmorency County Sheriff's Office
11045 M-32 West
Atlanta, MI 49709
Individual Capacity

Jeffery Schaible
Deputy
Montmorency County Sheriff's Office
11045 M-32 West
Atlanta, MI 49709
Individual Capacity

Brian Crane
Undersheriff
Montmorency County Sheriff's Office
Atlanta, MI 49709
Individual and Official Capacity

Chad Brown
Sheriff
Montmorency County Sheriff's Office
Atlanta, MI 49709
Individual and Official Capacity

Shanna Firman
88th District Court
12265 M-32 West
Atlanta, MI 49709
Individual Capacity

Montmorency County
12265 M-32 West
Atlanta, MI 49709
Official Capacity

# COMPLAINT

## PRELIMINARY STATEMENT

1. This is a civil rights action brought under 42 U.S.C. §1983 and raising supplemental state law claims conscerning the actions of defendant Montmorency County Sheriff Deputies Nicholas Breed, Wyatt Roe, Josh Smith, Jacob Demott, Brian Watson, Michael Brooks Daniel Oelfke, Zachery Morrison, Jessica Bedell, Todd Amborski, Jeffery Schaible, undersheriff Brian Crane, sheriff Chad Brown and 88th District Court employee Shanna Firman in unreasonablly seizing, unreasonablly searching, unlawfully arresting, maliciously prosecuting and using excessive and unreasonable force against plaintiff Jason Evans. The actions and conduct of the defendant deputies, undersheriff, sheriff and court employee are the result of a policy, practice, custom and deliberate indifference on the part of defendant County of Montmorency.

## PARTIES

2. Plaintiff Jason Evans was at all times relevant to this complaint a resident of Otsego County Michigan.

3. Defendant County of Montmorency is county in the State of Michigan and owns, operates, manages, directs and controls the Montmorency County Sheriffs Department, 88th District Court, and County Courthouse Building, which employs defendants Breed, Roe, Smith, Demott, Watson, Brooks, Oelfke, Morrison, Bedell, Amborski, Schaible, Crane, Brown and Firman.

4. Defendant Nicholas Breed was at all times relevant to this complaint a deputy of the Montmorency County Sheriff's Department.

He is sued in his individual capacity.

5. Defendant Wyatt Roe was at all times relevant to this complaint a deputy of the Montmorency County Sheriff's Department. He is sued in his individual capacity.

6. Defendant Josh Smith was at all times relevant to this complaint a deputy of the Montmorecy County Sheriff's Department. He is sued in his individual capacity.

7. Defendant Jacob Demott was at all times relevant to this complaint a deputy of the Montmorency County Sheriff's Department. He is sued in his individual capacity.

8. Defendant Brian Watson was at all times relevant to this complaint a deputy of the Montmorency County Sheriff's Department. He is sued in his individual capacity.

9. Defendant Michael Brooks was at all times relevant to this complaint a deputy of the Montmorency County Sheriff's Department. He is sued in his individual capacity.

10. Defendant Daniel Oelfke was at all times relevant to this complaint a deputy of the Montmorency County Sheriff's Department. He is sued in his individual capacity.

11. Defendant Zacherv Morrison was at all times relevant to this complaint a deputy of the Montmorency County Sheriff's Department. He is sued in his individual capacity.

12. Defendant Jessica Bedell was at all times relevant to this complaint a deputy of the Montmorency County Sheriff's Department. She is sued in her individual capacity.

13. Defendant Todd Amborski was at all times relevant to this complaint a deputy of the Montmorency County Sheriff's Department. He is sued in his individual capacity.

14. Defendant Jeffery Schaible was at all times relevant to this complaint a deputy of the Montmorency County Sheriff's Department. He is sued in his individual capacity.

15. Defendant Brian Crane was at all times relevant to this complaint undersheriff of the Montmorency County Sheriff's Department He is sued in his individual and official capacity.

16. Defendant Chad Brown was at all times relevant to this complaint sheriff of the Montmorency County Sheriff's Department. He is sued in his individual and official capacity.

17. Defendant Shanna Firman was at all times relevant to this complaint an employee of the 88th District Court for Montmorency County. She is sued in her individual capacity.

At all times relevant to this Complaint, all defendants acted in concert and conspiracy and were jointly and severally responsible for the harms caused to plaintiff.

At all times relevant to this Complaint, all defendants acted under color of state law.

August 18, 2022incident:

## FACTUAL ALLEGATIONS

18. In the early afternoon of August 18, 2022 Donald Verna called 911 to report a trespasser on his property at 4920 Island Hill Dr. Johannesburg, Michigan.

19. Defendant Montmorency County Sheriff Deputies Breed, Roe, Smith, Demott and Undersheriff Crane (defendant deputies collectively) responded to Mr. Verna's property.

20. Upon their arrival Mr. Verna told defendant deputies that he had gotten into an arguement with a man driving a black vehicle as to whether Island Hill Dr. was a private or county road, if the man could rightfully use the road and if Mr. Verna was liable for damages to the mans vehicle caused by the poor condition of the road.

21. Mr. Verna told defendant deputies that he told the man to wait where he was while Mr. Verna went into the house to get him some money to pay for the damages to his car.

22. Mr. Verna stated he then went into his house, called 911 and reported the man as trespassing.

23. Mr. Verna told the deputies that when he informed the man he was on the phone with 911, the man proceeded to bang on his front door and ask to speak with the 911 operator.

24. Mr. Verna stated he told the man if he came in his house he would be shot.

25. Mr. Verna further stated that after he told the man he would shoot him, the man continued on Island Hill Dr. which should be blocked by a locked gate between Mr. Verna's and his neighbors property so therefore the man, who had not yet returned back along

Island Hill Drive, was trapped on his property with no outlet and was trespassing.

26. Defendant deputies proceeded down Island Hill Dr. in search of the trespasser.

27. When defendant deputies came to the gate between Mr Verna's property and his neighbors it was unlocked and standing open.

28. Defendant deputies proceeded onto the neighbors property and continued along Island Hill Dr. until they came to another open and unlocked gate seperating the neighbors property from Pigeon River State Forest property.

29. Defendant deputies exited thier vehicles and while discussing how to proceed they saw the plaintiff walking toward them along Island Hill Dr. on state forest property.

30. Defendant deputies drew firearms and while pointing them at the plaintiff ordered him to raise his hands and walk toward them.

31. Plaintiff raised his hands above his head and walked toward defendant deputies until they told him to stop when he was about twenty feet in front of their vehicles.

32. Defendant deputies then told plaintiff to lay down on the ground on his belly.

33. Plaintiff remanded standing with his arms raised above his head and asked if he was under arrest.

34. Defendant deputies did not answer plaintiffs question but instead told him to put down the bottle he was holding in his hand and to again lie facedown on the ground.

35. Plaintiff remained standing with his arms raised above his head and again asked if he was under arrest.

36. Defendant deputies again did not answer but instead walked

toward plaintiff, three with guns drawn and two with tasers aimed at plaintiff Evans, stopping about five feet from him.

37. Defendant deputy Smith then deployed his taser into plaintiff Evans, who was standing still with his arms raised above his head at the time.

38. Defendant deputies then handcuffed plaintiff and placed him under arrest for resisting and obstructing an officer.

39. Plaintiff was then transported to the Montmorency County Sheriff's department where he was held in a restraint chair while defendant deputies obtained a search warrant for plaintiffs blood

40. While at the Sheriff's department plaintiff was seen by medical personnel and medically cleared.

41. Once the warrant was obtained plaintiff Evans was transported to the hospital in Alpena MI, by defendant deputy Smith and deputy Demott, to have his blood drawn.

42. Before transporting plaitiff deputies Smith and Demott placed handcuffs on the plaintiff so tight that they cut into his wrists and caused his hands to swell and become numb.

43. At the hospital a nurse took blood samples from the plaintiff and after attempted to check his vital signs.

44. Plaintiff Evans stated he did not want her to check his vitals and was refusing any medical treatment as he had already complied with the search warrant.

45. When the nurse continued to try and take plaintiffs blood pressure he began moving his arms and legs to prevent her.

46. Deputies Smith and Demott then handcuffed plaintiffs wrists to the railings on either side of the bed and zip tied his ankles

to the foot of the bed.

47. When the nurse attempted to take plaintiffs blood pressure a second time he again begin moving his arms and legs as much as he could to prevent her.

48. Defendant deputy Smith then used his taser is stun drive mod to tase the plaintiff four times in his thigh.

49. After deputy Smith tased the plaintiff a doctor was called in the room and he told the deputy Smith that if plaintiff Evans did not want any medical treatment they could not force him to accept any.

50. Defendants Smith and Demott then transported plaintiff Evans to the Alpena County Jail where he was held until being released on $25,000 cash bond the next day.

51. At no time during this incident did plaintiff use any force against the defendant deputies of do anything that would have provided the deputies with a legal basis to use force against him

52. As a result of the defendant deputies' use of force against him, plaintiff suffered physical injuries, including cuts to his wrists, bruising on his thigh and chest, and loss of feeling in both hands.

53. There was no legal cause to justify the stop, detention, and/or arrest of plaintiff.

54. There was no legal cause to justify the use of force against plaintiff, and the force used against plaintiff was unreasonable and excessive.

55. At all times relevant to this Complaint, the conduct of defendants Breed, Roe, Smith, Demott and Crane was in willful,

reckless, and callous disregard of plaintiff's rights under federal and state law.

56. As a direc and proximate result of the conduct of all defendants, plaintiff suffered and continues to suffer physical and psychological harm, pain and suffering, some or all of which may be permanent, and financial losses.

**CAUSES OF ACTION**

**Count I**

**Plaintiff v. Defendants Smith, Breed,**
**Roe, Demott, and Crane**
**Federal Constitutional Claims**

57. The actions of defendants Breed, Roe, Smith, Demott and Crane violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure, unlawful arrest and the unlawful use of force.

**Count II**

**Plaintiff v. Defendant County of Montmorency**
**Federal Constitutional Claims**

58. The violations of plaintiff's constitutional rights under th Fourth and Fourteenth Amendments to the United States Constitution, plaintiff's damages, and the conduct of the individual defendants were directly and proximately caused by the actions and/or inactions of defendant County of Montmorency, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision investigation, or discipline in the areas of:

a. Legal cause to stop, detain and arrest a citizen;

b. The use of force by police officers;

c. The proper exercise of police powers, including but not limited to the detaining of citizens, making of an arrest, and the use of force;

d. Deputies' use of their status as deputies to employ the use of force or to achieve ends not reasonably related to their police duties;

e. The failure of deputies to follow established policies, procedures, directives and instructions regarding detainments, arrests, and the use of force under such circumstances as presented by this case.

f. The failure to properly sanction or discipline deputies who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Monmorency County deputies.

**Count III**

**Plaintiff v. Defendants Breed, Smith, Roe, Demott and Crane**

**State Law Claims**

59. The actions of defendants Breed, Smith, Roe, Demott and Crane constitute the torts of assault, battery, false arrest, false imprisonment under the laws of the State of Michigan.

**Wherefore**, plaintiff respectfully requests:

A. Compensatory damages as to all defendants;

B. Punitive damages as to defendants Breed, Smith, Roe, Demott, and Crane;

C. Reasonable attorneys' fees and costs as to all defendants;

D. Such other and further relief as may appear just and appropriate.

September 9, 2022 incident:

## FACTUAL ALLEGATIONS

60. On September 9, 2022 plaintiff Jason Evans was attempting to enter the courtroom at the Montmorency Courty courthouse when he was stopped by defendants deputies Watson, Breed, Brooks and Oelfke (defendant deputies collectively).

61. Defendant deputies had been instructed by their superiors defendant undersheriff Crane and sheriff Brown to search plaintiff Evans and his belongings before allowing him into the courtroom.

62. Plaintiff Evans objected to the search but was informed that the defendant deputies would physically remove him from the building if they did not search him and his belongings.

63. Defendant deputies then did an invasive search of plaintiff and his belongings, including rubbing their hands over his groin and buttocks area and removing and looking thru the contents of his computer bag.

64. Plaintiff was not allowed to enter into the courtroom to attend his scheduled court hearing until defendant deputies completed their search of him and his belongings.

65. There was no legal cause to justify stopping and searching plaintiff and his belongings.

66. At all times relevant to this Complaint, the conduct of defendants Watson, Breed, Brooks, Oelfke, Crane and Brown was in willful, reckless and callous disregard of plaintiff's rights under federal and state law.

67. As a direct and proximate result of the conduct of all defen-

dants, plaintiff suffered and continues to suffer loss of sleep loss of work, psychological harm, pain and suffering, some or all of which may be permantent, and financial losses.

## CAUSES OF ACTION

### Count IV

### Plaintiff v. Defendants Watson, Breed, Brooks, Oelfke, Crane and Brown

### Federal Constitutional Claims

68 The actions of defendants Watson, Breed, Brooks, Oelfke, Crane and Brown violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United StatesConstitution to be free from unreasonable search and seizure.

### Count V

### Plaintiff v. Defendant County of Montmorency

### Federal Constitutional Claims

69 The violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, plaintiff's damages, and the conduct of the individual defendants were directly and proximately caused by the actions, and/or inactions of defendant County of Montmorency, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need fore more or different training, supervision, investigation, or discipline in the areas of:

a. Instituting a policy that allows individual citizens entering the Montmorency County Courthouse to be searched under the guise of an administrative search.

b. Legal cause to stop and search a citizen and their belongings.

c. The proper exercise of police powers, including but not limited to the detaining and searching of citizens.

d. The failure of deputies and their supervisors to follow established policies, procedures, directives and instructions regarding when and how to conduct administrative searchs of citizens entering the courthouse.

**Count VI**

**Plaintiff v. Defendants Watson, Breed, Brooks, Oelfke, Crane and Brown**

**State Law Claims**

70 The actions of defendants Watson, Breed, Brooks, Oelfke, Crane and Brown constitute the torts of assault and battery under the laws of the State of Michigan.

Wherefore, plaintiff respectfully requests:

A. Compensatory damages as to all defendants:

B. Punitive damages as to defendants Watson, Breed, Brooks, Oelfke, Crane and Brown;

C. Reasonable attorneys' fees and costs as to all defendants;

D. Such other and further relief as may appear just and appropriate.

**September 16, 2022 incident:**

FACTUAL ALLEGATIONS

71 On September 16, 2022 plaintiff Evans was attempting to enter the Montmorency County courthouse when he was stopped by

defendants deputies Oelfke, Roe and Morrison (defendant deputies collectively).

72 Defendant deputies had been instructed by their superiors defendants undersheriff Crane and sheriff Brown to search plaintiff Evans and his belongings before allowing him into the courthouse.

73 Plaintiff Evans objected to the search and was physically prevented from entering the building by defendant deputies when he tried to continue on his way without being searched.

74 Defendant deputies then did an invasive search of plaintiff and his belongings, including rubbing their hands over his groin and buttocks area and removing and looking through the contents of his computer bag.

75 Plaintiff was not allowed to enter into the courthouse until defendant deputies completed their search of him and his belongings.

76 There was no legal cause to justify stopping and searching plaintiff and his belongings.

77 At all times relevant to this Complaint, the conduct of defendants Oelfke, Roe, Morrison, Crane and Brown was in willful reckless and callous disregard of plaintiff's rights uner federal and state law.

78 As a direct and proximate result of the conduct of all defendants, plaintiff suffered and continues to suffer loss of sleep, loss of work, psychological harm, pain and suffering, some or all of which may be permanent, and financial losses.

## CAUSES OF ACTION

### Count VII

### Plaintiff v. Defendants Oelfke, Roe Morrison, Crane andBrown

### Federal Constitutional Claims

79 The actions of defendants Oelfke, Roe, Morrison, Crane and Brown violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure.

### Count VIII

### Plaintiff v. Defendant County of Montmorency

### Federal Constitutional Claims

80 The violations of plaintiff's constitutional rights under the Fourth and Rourteenth Amendments to the United States Constitution, plaintiff's damages, and the conduct of the individual defendants were directly and proximately cause by the actions. and/or inactions of defendant County of Montmorency, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

a. Instituting a policy that allows individual citizens entering the Montmorency County Courthouse to be searched searched under the guise of an administrative search.

b. Legal cause to stop and search a citixen and their belongings.

c. The proper exercise of police powers, including but not limited to the detaining and searching of citizens.

d. The failure of deputies and their supervisors to follow

established policies, procedures, directives and instructions regarding when and how to conduct administrative searchs of citizens entering the courthouse.

Count IX

**Plaintiff vs. Defendants Oelfke, Roe, Morrison, Crane and Brown**

**State Law Claims**

81 The actions of defendants Oelfke, Roe, Morrison, Crane and Brown constitute the torts of assault and battery under the laws of the State of Michigan.

**Wherefore**, plaintiff respectfully requests;

A. Compensatory damages as to all defendants:

B. Punitive damages as to defendants Oelfke, Roe, Morrison, Crane and Brown:

C. Reasonable attorneys' fees and costs as to all defendats;

D. Such other and further relief as may appear just and appropriate.

**September 26, 2022 incident:**

FACTUAL ALLEGATIONS

82 On September 26, 2022 plaintiff Evans was attempting to enter the courtroom at the Montmorency County courthouse when he was stopped by defendants deputies Oelfkey, Roe, Morrison and Bedell (defendant deputies collectively).

83 Defendant deputies had been instructed by thier superiors defendants undersheriff Crane and sheriff Brown to search plaintiff Evans and his belongings before allowing him into the courtroom.

84 Plaintiff Evans objected to the search but was informed that

the defendant deputies would physically remove him from the building if they did not search him and his belongings.

85 Defendant deputies then dis an invasive search of plaintiff and his belongings, including rubbing their hands over his groin and buttocks area and removing and looking through the contents of his computer bag.

86 Plaintiff was not allowed to enter into the courtroom to attend his scheduled court hearing until defedant deputies completed their search of him and his belongings.

87 Ther was no legal cause to justify stopping and searching plaintiff and his belongings.

88 Plaintiff Evans was the only person entering the courtroom that day to be searched.

89 At all times relevant to this Complaint, the conduct of defendants Oelfke, Roe, Morrison, Bedell, Crane and Brown was in willful, reckless and callous disregard of plaintiff's rights under federal and state law.

90 As a direct and proximate result of the conduct of all defedants, plaintiff suffered and continues to suffer loss of sleep loss of work, psychological harm, pain and suffering, some or all of which may be permanent, and finacial losses.

## CAUSES OF ACTION

### Count X

### Plaintiff v. Defendants Oelfkey, Roe, Morrison, Bedell, Crane and Brown

### Federall Constyitutional Claims

91 The actions of defendants Oelfke, Roe, Morrison, Bedell,

Crane and Brown violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure.

**Count XI**

**Plaintiff :v. Defendant Countyu of Montmorency**

**Federal ConstitDEional Claims**

92 The violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, plaintiff's damages, and the conduct of the individual defendants were directly and proximately caused by the actions, and/or inactions of defendant County of Montmorency, which has encouraged, tolerated, ratified and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

a. Instituting a policy that allows individual citizens entering the Montmorency County Courthouse to be searched under the guise of an administrative search.

b. Legal cause to stop and search a citizen and their belongings.

c. The proper exercise of police powers, including but not limited to the detaining and searching of citizens.

d. The failure of deputies and their supervisors to follow established policies, procedures, directives and instructions regarding when and how to conduct administrative searchs of citizens entering the courthouse.

**Count XII**

**Plaintiff v. Defendats Oelfke, Roe, Morrison, Bedell, Crane,**

and Brown

State Law Claims

93 The actions of defendants Oelfke, Roe, Morrison, Bedell, Crane and Brown constitute the torts of assault and battery under the laws of the State of Michigan.

**Wherefore,** plaintiff respectfully requests:

A. Compensatory damages as to all defedants;

B. Punitive damages as to defendants Oelfke, Roe, Morrison, Bedell, Crane and Brown;

C. Reasonable attorneys' fees and costs as to all defendants;

D. Such other and fruther relief as may appear just and appropriate.

**October 24, 2022 incident;**

**FACTUAL ALLEGATIONS**

94 On October 24, 2022 plaintiff Evans was attempting to enter the Montmorency County courthouse when he was stopped by defendants deputies Oelfke, Watson Amborski and Bedell (defendant deputies collectively).

95 Defendant deputies had been instructed by their superiors Defendants undersheriff Crane and sheriff Brown to search plaintiff Evans and his belongings before allowing him into the courthouse.

96 Plaintiff Evans objected to the search and was physically prevented from entering the building by defendant deputies when he tried to continue on his way without being searched.

97 Defendant deputies then dis an invasive search of plaintiff and his belongings, including rubbing their hands over his groin

and buttocks area and removing and looking through the contents of his computer bag.

98 Plaintiff was not allowed to enter into the courthouse until defendant deputies completed their search of him and his belongings.

99 There was no legal cause to justify stopping and searching plaintiff and his belongings.

100 At all times relevant to this Complaint, the conduct of defendants Oelfke, Watson, Amborski, Bedell, Crane and Brown was in willfus reckless and callous disregard of plaintiff's rights under federal and state law.

101 As a direct and proximate result of the conduct of all defendats, plaintiff suffered and continues tosuffer loss of sleep, loss of work, psychological harm, pain and suffering, some or all of which may be permantent, and financial losses.

CAUSES OF ACTION

Count XIII

**Plaintiff v. Defendants Oelfke, Watson, Amborski, Bedell Crane and Brown**

**Federal Constitutional Claims**

102 The actions of defendants Oelfke, Watson, Amborski, Bedell, Crane and Brown violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure.

Count XIV

**Plaintiff v. Defendant County of Montmorency**

**Federal Constitutional Claims**

103 The violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, plaintiff's damages and the conduct of the individual defendants were directly and proximately caused by the actions, and/or inactions of defendat County of Montmorency, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or diffenent training, supervision, investigation, or discipline in the areas of:

a. Instituting a policy that allows individual citizens entering the Montmorency County Courthouse to be searched under the guise of an administrative search.

b. Legal cause to stop and search a citizen and their belongings.

c. The proper exercise of police powers, including but not limited to the detaining and searching of citizens.

d. The failure of deputies and their supervisors to follow established policies, procedures, directives and instructions regarding when and how to conduct administrative searchs of citizens entering the courthouse.

**Count XV**

**Plaintiff v. Defendants Oelfke, Watson, Amborski, Bedell, Crane and Brown**

**State Law Claims**

104 The actions of defendants Oelfke, Watson, Amborski, Bedell, Crane and Brown constitute the torts of assault and battery under the laws of the State of Michigan.

Wherefore, plaintiff respectfully requests;

A. Compensatory damages as to all defendants:

B. Punitive damages as to defendants Oelfke, Watson, Amborski, Bedell, Crane and Brown;

C. Reasonable attorneys' fees and costs as to all defendants;

D. Such other and further relief as may appear just and appropriate.

**November 28, 2022 incident:**

## FACTUAL ALLEGATIONS

105 On November 28, 2022 plaintiff Evans was attempting to enter the Montmorency County courthouse when he was stopped by defendants deputies Watson and Breed (defendant deputies collectively).

106 Defendant deputies had been instructed by their superiors defendants undersheriff Crane and sheriff Brown to search plaintiff Evans and his belongings before allowing him into the courthouse.

107 Plaintiff Evans objected to the search and was physically prevented from entering the building by defendant deputies when he tried to continue on his way without being searched.

108 Defendant deputies then did an invasive search of plaintiff and his belongings, including rubbing their hands over his groin and buttocks area and removing and looking through the contents of his computer bag.

109 Plaintiff was not allowed to enter into the courthouse until defendant deputies completed their search of him and his belongings.

110 There was no legal cause to justify stopping and searching plaintiff and his belongings.

111 At all times relevant to this Complaint, the conduct of defendants Watson, Breed, Crane and Brown was in willful, reckless and callous disregard of plaintiff's rights under federal and state law.

112 As a direct and proximate result of the conduct of all defendants, plaintiff suffered and continues to suffer loss of sleep, loss of work, psychological harm, pain and suffering, some or all of xhich may be permanent, and financial losses.

CAUSES OF ACTION

Count XVI

Plaintiff v. Defendants Watson, Breed, Crane and Brown

Federal Constitutional Claims

113 The actions of defendants Watson, Breed, Crane and Brown violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure.

Count XVII

Plaintiff v. Defendant County of Montmorency

Federal Constitutional Claims

114 The violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, plaintiff's damages and the conduct of the individual defendants were directly and proximately caused by the actions, and/or inactions of defendant County of Montmorency, which has encouraged, tolerated, ratified, and has been diliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervi-

sion, investigation, or discipline in the areas of:

a. Instituting apolicy that allows individual citizens entering the Montmorency County Courthouse to be searched under the guise of an administrative search.

b. Legal cause to stop and search a citizen and their belongings.

c. The proper exercise of police powers, including but not limited to the detaining and searching of citizens.

d. The failure of deputies and their supervisors to follow established policies, procedures, directives and instructions regarding when and how to conduct administrative searchs of citizens entering the courthouse.

**Count XVIII**

**Plaintiff v. Defendants Watson, Breed, Crane and Brown**

**State Law Claims**

115 The actions of defendants Watson, Breed, Crane and Brown constitute the torts of assault, battery and conspiracy thereof under the laws of the State of Michigan.

**Wherefore,** plaintiff respectfully requests;

A. Compensatory damages as to all defendants;

B. Punitive damages as to defendants Watson, Breed, Crane and Brown;

C. Reasonable attorneys' fees and costs as to all defendants;

D. Such other and further relief as may appear just and appropriate.

**December 21, 2022 incident:**

FACTUAL ALLEGATIONS

116 On December 21, 2022 plaintiff Evans was attempting to enter the Montmorency County courthouse when he was stopped by defendants deputies Watson, Oelfke and Breed (defendant deputies collectively).

117 Defendant deputies had been instructed by their superiors defendants undersheriff Crane and sheriff Brown to search plaintiff and his belongings before allowing him to enter the courthouse.

118 Plaintiff Evans objected to the search and was physically prevented from entering the building by defendant deputies when he tried to continue on his way without being searched.

119 Defendant deputies then did an invasive search of plaintiff and his belongings, including rubbing their hands over his groin and buttocks area and removing and looking through the contents of his computer bag.

120 Plaintiff was not allowed to enter into the courthouse until defendant deputies completed their search of him and his belongings.

121 There was no legal cause to justify stopping and searching plaintiff and his belongings.

122 At all times relevant to this Complaint, the conduct of defendants Watson, Oelfke, Breed, Crane and Brown was in willful, reckless and callous disregard of plaintiff's rights under federal and state law.

123 As a direct and proximate result of the conduct of all defendants, plaintiff suffered and continues to suffer loss of sleep loss of work, psychological harm, pain and suffering, some or all

of which may be permanent, and financial losses.

## CAUSES OF ACTION

### Count IXX

### Plaintiff v. Defendants Watson, Oelfke, Breed, Crane and Brown

### Federal Constitutional Claims

124 The actions of defendants Watson, Oelfke, Breed, Crane and Brown violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure.

### Count XX

### Plaintiff v. Defendant County of Montmorency

### Federal Constitutional Claims

125 The violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, plaintiff's damages and the conduct of the individual defendants were directly and proximately caused by the actions, an/or inactions of defendant County of Montmorency, which has encouraged, tolerated, ratified, and has been diliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

a. Instituting a policy that allows individual citizens entering the Montmorency County Courthouse to be searched under the guise of an administrative search.

c. The proper exercise of police powers, including but not

limited to the detaining and searching of citizens.

d. The failure of deputies and their supervisors to follow established policies, procedures, directives and instructions regarding when and how to conduct administrative searchs of citizens entering the courthouse.

**Count XXI**

**Plaintiff v. Defendants Watson Oelfke, Breed, Crane and Brown**

**State Law Claims**

126 The actions of defendants Watson, Oelfke, Breed, Crane and Brown constitute the torts of assault, battery and conspiracy thereof under the laws of the State of Michigan.

**Wherefore**, plaintiff respectfully requests:

A. Compensatory damages as to all defendants;

B. Punitive damages as to defendants Watson, Oelfke, Breed, Crane and Brown;

C. Reasonable attorneys' fees and costs as to all defendants;

D. Such other and further relief as may appear just and appropriate.

**Janurary 23, 2023 incident:**

**FACTUAL ALLEGATIONS**

127 On the morning of Janurary 23, 2023 plaintiff Evans was attepting to enter the Montmorency County Courthouse when he was stopped by defendants deputies Watson and Breed.

128 Defendants Watson and Breed had been instructed by their superiors defendats undersheriff Crane and sheriff Brown to search plaintiff and his belongings before allowing him to enter the building.

129 Plaintiff Evans objected to the search and was physically prevented from entering the building by defendants Watson and Breed when he tried to continue into the building.

130 Plaintiff then walked around the building where he entered through a different enterance and proceeded to the bathroom.

131 Upon exiting the bathroom plaintiff was again ment by defendants Watson and Breed who had followed him.

132 Defendants Watson and Breed physically prevented plaintiff from proceeding further into the building and forced him back toward the exit.

133 Plaintiff then took stairs to the lower level of the building

134 Defendants Watson and Breed, along with defendant deputy Schaible who had now joined them, followed plaintiff to the lower level and again prevented him from proceeding further into the building, telling plaintiff he nedded to leave.

135 When plaintiff refused to exit the building defendant Schaible grabbed plaintiff and slammed him into the wall and held him there while defendants Watson and Breed placed handcuffs on him.

136 Plaintiff was then informed he was being placed under arrest for disturbing the peace.

137 Defendants Watson and Breed transported plaintiff to the Alpena County Jail where he was held for approximately two hours before being released on bond.

138 After his relaease plaintiff returned to the Montmorency County Courthouse and went to the 88th District Court window to inquire about the security for costs required by court rule for him to file a criminal assault complaint against defendants Watson

Breed and Schaible.

139 While plaintiff was at the window making this inquirery, defendant Firman, a district court employee, texted defendant deputy Schaible, who was in another part of the building, and falsely claimed that plaintiff was at the district court window harassing the employees.

140 Defendant Schaible made his way to the district court window and met plaintiff Evans as he was leaving the window.

141 Defendant Schaible began following plaintiff as he made his way to the county clerks office.

142 Plaintiff asked defendant Schaible to stop following him as he was causing plaintiff to fear for his safety, defendant Schaible refused and followed plaintiff to the clerks office and remained there while plaintiff inquired about getting a FOIA request form.

143 While waiting to recieve a FOIA form from the clerks office plaintiff and defendant Schaible engaged in a conversation about the criminal complaint plaintiff planned to file against defendant Schaible.

144 During this conversation defendant Schaible violently shoved plaintiff Evans backwards.

145 Defendant sheriff Brown heard the commotion caused by defendant Shaible shoving the plaintiff and joined the two of them at the county clerks window.

146 Plaintiff Evans recieved his FOIA form and was told he would need to turn the completed form in upstairs at the county commissioners office.

147 Plaintiff proceeded towards the county commissioners office and was followed by defendants Schaible and Brown.

148 As plaintiff reached the top of the stairs and was heading towards the county commissioners office defendant Schaible yelled to plaintiff that he was under arrest for disturbing the peace.

149 Plaintiff was placed in handcuffs by defendant Schaible while defendant Brown supervised.

150 Plaintiff was then transported back to the Alpena County Jail where he was held for eleven days before posting a $50,000 bond.

151 As a result of the defendant officers use of force against him, during the morning arrest, plaintiff suffered physical injuries to his lower back.

152 Defendants Watson, Breed and Scháible issued a criminal complaint against plaintiff, for the morning arrest, falsely and maliciously claiming that plaintiff was disturbing the peace and that plaintiff resisted an lawful arrest, thus instituting prosecution against plaintiff causing additional harm.

153 Defendant Schaible issued a criminal complaint against plaintiff, for the afternoon arrest, falsely and maliciously claiming that plaintiff was disturbing the peace and that plaintiff resisted a lawful arrest, thus instituting prosecution against plaintiff causing additional harm.

154 As a result of the false charges, plaintiff was required to meet with court-appointed criminal defense counsel and appear in court on several occaisions, and plaintiff thus remained seized throughtout the criminal proceeding.

155 On June 7, 2024 the charges against plaintiff were dismissed and the criminal charges were terminated favorably to plaintiff.

156 At no time did plaintiff commit any offense in violation of the laws of the State of Michigan or the United States.

157 There was no legal cause to justify the stop, detention, and/or arrest of plaintiff or the institution of charges against plaintiff.

158 There was no legal cause to justify the use of force against plaintiff, and the force used against plaintiff was unreasonable and excessive.

159 At all times relevant to this Complaint, the conduct of defendats Watson, Breed, Schaible, Crane and Brown was in reckless and callous disregard of plaintiff's rigghts under federal and state law.

160 As a direct and proximate result of the conduct of all defendants, plaintiff suffered and continues to suffer physical and psychological harm, pain and suffering, some or all of which may be permanent, and financial losses.

## CAUSES OF ACTION

### Count XXII

### Plaintiff v. Defendants Watson, Breed, Schaible, Firman, Crane and Brown

### Federal Constitutional Claims

161 The actions of defendants Watson, Breed, Schaible, Firman, Crane and Brown biolated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unlawful arrest, the unlawful use of force, and malicious prosecution.

### Count XXIII

Plaintiff v. Defendant County of Montmorency

Federal Constitutional Claims

162 The violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution plaintiff's damages, and the conduct of the individual defendants were directly and proximately caused by the actions and/or in-actions of defendant County of Montmorency, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the need for more or different training, supervision, investigation, or discipline in the areas of:

a. Legal cause to stop, detain, arrest, and criminally charge a citizen;

b. The use of force by police officers;

c. The proper exercise of police powers, including but not limited to the making of an arrest, the use of force, and the bringing of criminal charges;

d. Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties;

e. The failure of police officers to follow established policies, procedures, directives, and instructions regarding arrests, the use of force, and the institution of criminal charges under such circumstances as presented by this case;

f. The failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Montmorency County Deputies; and

g. The practice among Montmorency County deputies of instituting false charges against individuals whom the deputies have subjected to unlawful force with the intention of precluding such individuals from instituting civil claims.

Count XXIV

Plaintiff v. Defendants Watson, Breed, Schaible, Firman, Crane and Brown

State Law Claims

163 The actions of defendants Watson, Breed, Schaible, Firman, Crane and Brown constitute the torts of assault, battery, false arrest, false imprisonment, malicious prosecution and conspricy thereof under the laws of the State of Michigan.

Wherefore, plaintiff respectfully requests:

A. Compensatory damages as to all defendants;

B. Punitive damages as to defendants Watson, Breed, Schaible, Firman, Crane and Brown.

C. Reasonable attorneys' fees and costs as to all defendants;

D. Such other and further relier as may appear just and appropriate.

February 13, 2023 incident:

FACTUAL ALLEGATIONS

164 On February 13, 2023 plaintiff Evans was attempting to enter the Montmorency County courthouse when he was stopped by defendants deputies Amborski, Bedell, and Morrison (defendant deputies collectively).

Defendant deputies had been instructed by their superiors

defendants undersheriff Crane and sheriff Brown to search plaintiff and his belongings before allowing him to enter the courthouse.

165 Plaintiff Evans objected to the search and was physically prevented from entering the building by defendant deputies when he tried to continue on his way without being searched.

166 Defendant deputies then did and invasive search of plaintiff and his belongings, including rubbing their hands over his groin and buttocks area and removing and looking through the contents of his computer bag.

167 Plaintiff was not allowed to enter into the courthouse until defendant deputies completed their search of him and his belongings.

168 Ther was no legal cause to justify stopping and searching plaintiff and his belongings.

169 at all times relevant to this Complaint, the conduct of defendants Amborski, Bedell, Morrison, Crane and Brown was in willful, reckless and callous disregard of plaintiff's rights under federal and state law.

170 As a direct and proximate result of the conduct of all defendants, plaintiff suffered and continues to suffer loss of sleep loss of work, psychological harm, pain and suffering, some or all of which may be permanent, and financial losses.

CAUSES OF ACTION

Count XXV

Plaintiff v. Defendants Amborski, Bedell, Morrison, Crane and Brown

Federal Constitutional Claims

171 The actions of defendants Amborski, Bedell, Morrison, Crane and Brown violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure.

Count XXVI

Plaintiff v. Defendant Countyu of Montmorency

Federal Constitutional Claims

172 The violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, plaintiff's damages and the conduct of the individual defendants were directly and proximately caused by the actions, and/or inactions of defendant County of Montmorency, which has encouraged, tolerated, ratified, and has been diliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

a. Instituting a policy that allows individual citizens entering the Montmorency County Courthouse to be searched uner the guise of an administrative search.

c. The proper exercise of police powers, including but not limited to the detaining and searching of citizens.

d. The failure of deputies and their supervisors to follow established policies, procedures, directives and instructions regarding when and how to conduct administrative searchs of citizens entering the courthouse.

Count XXVII

Plaintiff v. Defendants Amborski, Bedell, Morrison, Crane

and Brown

State Law Claims

123 The actions of defendants Amborski, Bedell, Morrison, Crane and Brown constitute the torts of assault, battery and conspiracy thereof under the laws of the State of Michigan.

Wherefore, plaintiff respectfully requests:

A. Compensatory damages as to all defendants;

B. Punitive damages as to defendants Amborski, Bedell, Morrison, Crane and Brown:

C. Reasonable attorneys' fees and costs as to all defendants;

D. Such other and further relief as may appear just and appropriate.

Date: 8/10/25

Respectfully submitted,

Jason Evans
Plaintiff

JASON EVANS #230091
PARNALL CORRECTIONAL FACILITY
1780 E PARNALL ROAD
JACKSON, MI 49201

US POSTAGE $ 010.05

ORIGINATED
MICHIGAN ... PRISON

OFFICE OF [illegible] Clerk
United St[illegible] [illegible]ct court
231 W. [illegible] Boulevard, Fifth Floor
Detroit, MI
48226

RECEIVED
AUG 26 2025
CLERK'S OFFICE
U.S. DISTRICT COURT