UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JASON ALLEN EVANS,<br><br>    Plaintiff,<br><br>v.<br><br>NICHOLAS BREED, et al.,<br><br>    Defendants. | Case No. 25-cv-12682<br><br>Honorable Robert J. White |

## OPINION AND ORDER DISMISSING THE COMPLAINT

Jason Evans is currently incarcerated with the Michigan Department of Corrections. He commenced this 42 U.S.C. § 1983 action claiming that Montmorency County deputy sheriffs falsely arrested him for trespassing. The complaint also alleges that deputy sheriffs unreasonably searched Evans when he entered the county courthouse to attend hearings for his criminal case. United States Chief Magistrate Judge David R. Grand already granted Evans's *pro se* application to proceed *in forma pauperis*. (ECF No. 5). For the following reasons, the Court will dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

>(i) is frivolous or malicious;
>(ii) fails to state a claim on which relief may be granted; or
>(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory," "clearly baseless" facts, "a legal interest which clearly does not exist," or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Insofar as Evans claims are predicated upon events that transpired before August 26, 2022 – three years before he initiated this lawsuit – those causes of action must be dismissed on statute of limitations grounds because section 1983 claims arising in Michigan have a three-year limitations period. *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 867 n.8 (6th Cir. 2020); *see also* Mich. Comp. Laws § 600.5805(2). Counts I and II are, therefore, time-barred.

As for the remaining federal causes of action, those claims all pertain to county sheriff officials who searched Evans personally, using a pat-down method, before entering the Montmorency County Courthouse on separate occasions

spanning from September 9, 2022 through February 13, 2023. (ECF No. 1, PageID.27-52, ¶¶ 60-173).  Because that type of administrative or regulatory search is reasonable under the Fourth Amendment to the United States Constitution, Evans fails to state a claim for relief under section 1983. *See McMorris v. Alioto*, 567 F.2d 897, 901 (9th Cir. 1978) (holding that a pat-down search is a reasonable condition under the Fourth Amendment for gaining admittance to a state courthouse); *see also Jarvis v. Contractor Securitas Sec.*, 474 F. App'x 271, 272 (4th Cir. 2012) (affirming dismissal of Fourth Amendment unreasonable search claim alleging that a court security officer shoved a metal detector into the plaintiff's inner thigh and struck his genitalia); *Roundtree v. New York*, 778 F. Supp. 614, 620 n.1 (E.D.N.Y. 1991) (observing that a pat-down search "is clearly constitutional as an administrative search to ensure the security of the courthouse.") *cf. Chandler v. Miller*, 520 U.S. 305, 323 (1997) (stating that "where the risk to public safety is substantial and real, blanket suspicionless searches calibrated to the risk may rank as 'reasonable' – for example, searches now routine at airports and at entrances to courts and other official buildings.").

The state law causes of action fair no better.  Since the events underlying these claims all occurred more than two years before Evans commenced this action, they are time-barred as well. *See* Mich. Comp. Laws § 600.5805(3), (7) (stating that the limitations period is "2 years for an action charging assault, battery, or false

3

imprisonment" and "2 years for an action charging malicious prosecution."); *see also Colvin v. Detroit Entertainment, LLC*, No. 296753, 2011 Mich. App. LEXIS 1227, at *2 n.1 (Mich. Ct. App. Jun. 30, 2011) (stating that the limitations period for false arrest is two years); *Terlecki v. Stewart*, 278 Mich. App. 644, 653 (2008) (holding that a civil "conspiracy claim takes on the limitations period for the underlying wrong that was the object of the conspiracy.").

Accordingly,

IT IS ORDERED that the complaint (ECF No. 1) is dismissed.

IT IS FURTHER ORDERED that Evans may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: October 22, 2025      s/ Robert J. White
                 Robert J. White
                 United States District Judge